# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| YURONDA LEWIS, on behalf of herself and all others similarly situated, ) ) ) ) Plaintiff, ) ) v. ) ) TUCKER MARKETING GROUP, INC. ) d/b/a SENIOR HELPERS CARE ) TEAM, INC., ) ) Defendant. ) ) | Judge<br><br>Case No. |

## COMPLAINT

Plaintiff Yuronda Lewis, on behalf of herself and all other persons similarly situated, known and unknown, through her attorneys and for her Complaint against Defendant Tucker Marketing Group, Inc., d/b/a Senior Helpers Care Team, Inc. ("Senior Helpers" or "Defendant"), states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. Plaintiff's claims against Defendant arise under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.*, for Defendant's failure to pay Plaintiff and other caregivers minimum wages and overtime wages at one and one-half times the greater of their regular rate or the applicable minimum wage.

2. Defendant is in the business of providing home health care and companionship care services to patients in the North and Northwest suburbs of Chicago.

3. Plaintiff and persons similarly situated to her are current and former caregivers who were employed by Senior Helpers and who were responsible for providing health care and companionship services for elderly or infirm individuals in their homes.

4. Throughout Plaintiff's employment, until August 2017, Defendant paid Plaintiff on an hourly basis.

5. Starting in the pay period ending August 6, 2017, Defendant began paying Plaintiff a live-in day rate.

6. As a caregiver, Plaintiff regularly worked multiple, consecutive 24-hour shifts in the homes of Defendant's clients each week.

7. For every 24-hour shift Plaintiff worked, Defendant paid Plaintiff for 13 hours of work.

8. Plaintiff worked more than 13 hours per 24-hour shift worked.

9. Defendant did not pay Plaintiff for all hours she worked.

10. Defendant did not pay Plaintiff for all hours she worked in excess of forty (40) hours per week.

11. Plaintiff was not afforded uninterrupted meal breaks.

12. Plaintiff was not permitted to leave the client's home to enjoy her own personal pursuits.

13. Plaintiff's sleep time was regularly interrupted by Defendant's clients.

14. In one or more pay periods during the prior three years, Plaintiff did not receive at least 5 hours of uninterrupted sleep time as required under the FLSA. *See* 29 C.F.R. § 785.22(b).

15. Plaintiff informed one of Defendant's owners, Abbie Tucker, on multiple occasions that Plaintiff's sleep time had been interrupted by clients and that she had performed worked during her designated sleep time.

16. Despite having knowledge that Plaintiff was performing work during her designated sleep time, Defendant did not pay Plaintiff any wages for the additional hours she worked.

17. In individual work weeks during the prior three years, Defendant required other caregivers to work multiple 24-hour consecutive shifts in the homes of its clients.

18. Defendant paid other caregivers on an hourly basis for the 24-hour shifts they worked in the homes of Defendant's clients.

19. In one or more individual work weeks during the prior three years, Defendant did not pay other caregivers for all time they worked.

20. Upon information and belief, Defendant paid other caregivers less than the minimum wage for all time they worked in individual work weeks during the prior three years.

21. Other caregivers worked more than forty (40) hours per week for Defendant.

22. Defendant did not pay other caregivers for all overtime hours they worked.

23. Plaintiff was entitled under the FLSA to be paid at least the applicable minimum wage for all hours worked for Defendant during each pay period.

24. Plaintiff was entitled under the FLSA to be paid at least one and one-half times the greater of the applicable minimum wage or her regular rate of pay for the time she worked for Defendant in excess of forty (40) hours per week.

25. Plaintiff was not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. § 206.

26. Plaintiff was not exempt from the overtime provisions of the FLSA, 29 U.S.C. § 207.

27. Other caregivers were entitled under the FLSA to be paid at least the applicable minimum wage for all hours worked for Defendant during each work week.

28. Other caregivers were entitled under the FLSA to be paid at least one and one-half times the greater of the applicable minimum wage or their regular rate of pay for all their time worked for Defendant in excess of forty (40) hours per week.

29. Other caregivers were not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. § 206.

30. Other caregivers were not exempt from the overtime provisions of the FLSA, 29 U.S.C. § 207.

31. Plaintiff was entitled under the IMWL to be paid at least the applicable minimum wage for all hours worked for Defendant during each work week.

32. Plaintiff was entitled under the IMWL to be paid one and one-half times the greater of the applicable minimum wage or her regular rate of pay for all of the time she worked in excess of forty (40) hours per week.

33. Plaintiff was not exempt from the minimum wage provisions of the IMWL, 820 ILCS 105/4.

34. Plaintiff was not exempt from the overtime provisions of the IMWL, 820 ILCS 105/4a.

35. Other caregivers were entitled under the IMWL to be paid at least the applicable minimum wage for all hours worked for Defendant during each work week.

36. Other caregivers were entitled under the IMWL to be paid one and one-half times the greater of the applicable minimum wage or their regular rate of pay for all their time worked in excess of forty (40) hours per week.

37. Other caregivers were not exempt from the minimum wage provisions of the IMWL, 820 ILCS 105/4.

38. Other caregivers were not exempt from the overtime provisions of the IMWL, 820 ILCS 105/4a.

39. Plaintiff brings her FLSA claims as a collective action. Plaintiff's FLSA consent form is attached hereto as Exhibit A.

**THE PARTIES**

40. Plaintiff Yuronda Lewis resides in and is domiciled in Chicago, Illinois, within this judicial district.

41. Plaintiff started working for Defendant in approximately May 2015.

42. Plaintiff is currently working for Defendant as a caregiver.

43. Throughout her employment with Defendant, Plaintiff has traveled to and provided companion and home health care services to Defendant's clients in their homes in the North and Northwest suburbs of Chicago.

44. Defendant Tucker Marketing Group, Inc., d/b/a Senior Helpers Care Team, Inc. is an Illinois corporation with its principal place of business located in Northbrook, Illinois, within this judicial district.

45. Defendant Senior Helpers does business within this judicial district.

46. At all times relevant hereto, Plaintiff was Defendant's "employee," as that term is defined by the FLSA, 29 U.S.C. § 203(e).

47. At all times relevant hereto, Plaintiff was Defendant's "employee," as that term is defined by the IMWL, 820 ILCS 105/3(d).

48. At all times relevant hereto, Defendant Senior Helpers was Plaintiff's "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

49. At all times relevant hereto, Defendant Senior Helpers was Plaintiff's "employer" as defined by the IMWL, 820 ILCS 105/3(c).

50. Defendant Senior Helpers is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

51. Defendant Senior Helpers' annual gross volume of sales made or business done has exceeded $500,000, exclusive of excise taxes, during the prior three years.

**JURISDICTION AND VENUE**

52. This Court has jurisdiction over Plaintiff's FLSA claims, which arise under 29 U.S.C. § 216(b), pursuant to 28 U.S.C. § 1331.

53. This Court has supplemental jurisdiction over Plaintiff's IMWL claims pursuant to 28 U.S.C. § 1367.

54. Venue is proper in this judicial district because the facts and events giving rise to Plaintiff's claims occurred in this judicial district. 28 U.S.C. § 1391.

**COUNT I**
**Violation of the Fair Labor Standards Act – Minimum Wages**
**(Collective Action)**

Plaintiff hereby realleges and incorporates paragraphs 1 through 54 of this Complaint.

55. This count arises from Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.,* for its failure to pay Plaintiff and other caregivers applicable minimum wages.

56. Defendant failed to pay Plaintiff for all of the time she worked in individual work weeks.

57. During one or more work weeks during the last three years, the wages paid to Plaintiff divided by the total number of hours she worked resulted in a regular rate that was less than the applicable minimum wage.

58. Defendant failed to pay other caregivers for all time they worked in individual work weeks.

59. Upon information and belief, the wages Defendant paid to other caregivers divided by the number of hours those caregivers worked resulted in a regular rate that was less than the applicable minimum wage.

60. Defendant's failure to pay Plaintiff at least the applicable minimum wage violated § 206 of the FLSA.

61. Defendant's failure to pay other caregivers at least the applicable minimum wage violated § 206 of the FLSA.

62. Defendant willfully violated the FLSA by failing to pay Plaintiff and other caregivers at least the minimum wage for all hours worked.

63. Plaintiff and other caregivers are entitled to recover unpaid minimum wages for up to three (3) years prior to the filing of this suit.

WHEREFORE, Plaintiff and other similarly-situated caregivers pray for judgment against Defendant as follows:

A. A judgment in the amount of the difference between the full applicable minimum wage and the wages Plaintiff and other caregivers were paid for all hours worked during the last three years;

B. Liquidated damages in an amount equal to the amount of unpaid compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Minimum Wages
### (Class Action)

Plaintiff hereby realleges and incorporates paragraphs 1 through 63 of this Complaint.

64. This count arises from Defendant's violation of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.*, for its failure to pay Plaintiff and members of the minimum wage class she seeks to represent applicable minimum wages.

65. Plaintiff Yuronda Lewis, and members of the minimum wage class she seeks to represent, are current and former caregivers who worked 24-hour shifts in the homes of Defendant's clients in Illinois during the last three (3) years and who were not paid minimum wages during one or more work weeks.

66. The relevant time period for this class action lawsuit is September 22, 2014 to the present.

67. Other caregivers employed by Defendant are or were required to work 24-hour shifts in the same manner as Plaintiff and were not paid at least the applicable minimum wage rate for all hours worked.

68. The number of other caregivers employed by Defendant in Illinois who worked 24-hour shifts in the homes of Defendant's clients and were not paid at least the applicable

8

minimum wage rate for all hours worked is believed to exceed 40 individuals over the last three (3) years.

69. Defendant's failure to pay Plaintiff and other caregivers at least the applicable minimum wage rate for all time worked in individual work weeks violated the minimum wage provisions of the IMWL, 820 ILCS 105/4.

70. This Count is brought pursuant to Fed. R. Civ. P. 23 because other persons are similarly-situated to Plaintiff and are so numerous that joinder of all members is impracticable.

71. Plaintiff and other caregivers are equally affected by Defendant's minimum wage violations, and relief is sought for the benefit of the individual Plaintiff and the minimum wage class that Plaintiff seeks to represent.

72. The issues involved in this Count present common questions of law and fact.

73. Those common questions of law and fact predominate over any variations which may exist between members of the minimum wage class Plaintiff seeks to represent.

74. Plaintiff and the class of similarly-situated persons on one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely owed minimum wages plus penalties, interest, attorneys' fees, and the cost of this lawsuit.

75. The violations alleged by Plaintiff are the result of Defendant's generally-applicable policies and practices, and the common questions presented will predominate over any individual questions in this action.

76. Plaintiff believes and asserts that she is able to fairly and adequately represent and protect the interests of the minimum wage class.

77. Plaintiff's counsel is highly-experienced in the prosecution of wage and hour class actions.

78. If individual actions were required to be brought by each of the similarly-situated caregivers injured or affected, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individuals and to the Court, as well as to Defendant.

79. A class action is a superior method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the minimum wage class is entitled.

80. Pursuant to 820 ILCS 105/12(a), affected employees are entitled to recover unpaid minimum wages for three years prior to the filing of this lawsuit, plus punitive damages in the amount of two percent (2%) per month of the amount of underpayment.

WHEREFORE, Plaintiff and the minimum wage class pray for judgment against Defendant as follows:

A. A determination that this action may be maintained as a class action under Fed. R. Civ. P. 23;

B. A judgment in the amount of all back minimum wages due as provided by the Illinois Minimum Wage Law;

C. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

D. Reasonable attorneys' fees and costs of this action as provided by the Illinois Minimum Wage Law;

E. An injunction precluding Defendant from further violating the minimum wage provisions of the Illinois Minimum Wage Law; and

F. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Fair Labor Standards Act - Overtime Wages
### (Collective Action)

Plaintiff hereby realleges and incorporates paragraphs 1 through 80 of this Complaint.

81. This count arises from Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.,* for its failure to pay overtime wages to Plaintiff and other caregivers.

10

82. Defendant directed Plaintiff to work, and she did work, in excess of forty (40) hours in one or more individual work weeks during the last three (3) years.

83. Defendant directed other caregivers to work, and they did work, in excess of forty (40) hours in one or more individual work weeks during the last three (3) years.

84. Plaintiff was entitled to be paid overtime wages at the rate of one and one-half times the greater of the applicable minimum wage rate or her regular rate of pay for all time she worked in excess of forty (40) hours per week.

85. Other caregivers were entitled to be paid overtime wages at the rate of one and one-half times the greater of the applicable minimum wage rate or their regular rate of pay for all their time worked in excess of forty (40) hours per week.

86. During one or more pay periods during the last three (3) years, Defendant failed to pay Plaintiff overtime wages for all time she worked in excess of forty (40) hours in individual work weeks.

87. During or more pay periods during the last three (3) years, Defendant failed to pay other caregivers overtime wages for all time they worked in excess of forty (40) hours in individual work weeks.

88. Defendant's failure to pay Plaintiff overtime wages at a rate of one and one-half times the greater of her regular rate or the applicable minimum wage for all of time she worked in excess of forty (40) hours in individual work weeks violated § 207 of the FLSA.

89. Defendant's failure to pay other caregivers overtime wages at a rate of one and one-half times the greater of their regular rate or the applicable minimum wage for all of their time worked in excess of forty (40) hours in individual work weeks violated § 207 of the FLSA.

90. Defendant willfully violated the FLSA by failing to pay Plaintiff and other

caregivers overtime wages for all of the time they worked in excess of forty (40) hours per week.

91. Plaintiff and other caregivers are entitled to recover unpaid overtime wages for up to three years prior to the filing of this lawsuit.

WHEREFORE, Plaintiff and other similarly-situated caregivers pray for judgment against Defendant as follows:

A. A judgment in the amount of all unpaid overtime wages for Plaintiff and similarly-situated caregivers at a rate of one and one-half times the greater of the applicable minimum wage or their regular rate for all time worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT IV
### Violation of the Illinois Minimum Wage Law – Overtime Wages
### (Class Action)

Plaintiff hereby realleges and incorporates paragraphs 1 through 91 of this Complaint.

92. This count arises from Defendant's violation of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.,* for its failure to pay Plaintiff and members of the overtime class she seeks to represent overtime wages at one and one-half times the greater of their regular rate of pay or the applicable minimum wage when they worked more than forty (40) hours per week.

93. Plaintiff Yuronda Lewis, and members of the overtime class she seeks to represent, are current and former caregivers who worked 24-hour shifts in the homes of Defendant's clients in Illinois during the last three (3) years and who were not paid overtime wages for all hours they worked in excess of forty (40) during individual work weeks.

94. The relevant time period for this class action lawsuit is September 22, 2014 to the present.

95. Defendant directed Plaintiff to work, and she did work, more than forty (40) hours per week for Defendant in the homes of Defendant's clients during the last three (3) years.

96. Other caregivers employed by Defendant are or were required to work more than forty (40) hours per week for Defendant in the homes of Defendant's clients during the last three (3) years.

97. Plaintiff was entitled to be paid overtime wages at one and one-half times the greater of her regular rate of pay or the applicable minimum wage for all time she worked in excess of forty (40) hours per week.

98. Other caregivers were entitled to be paid overtime wages at one and one-half times the greater of their regular rate or the applicable minimum wage for all time they worked in excess of forty (40) hours per week.

99. The number of other caregivers employed by Defendant in Illinois who worked more than forty (40) hours per week in the homes of Defendant's clients and were not paid overtime wages at one and one-half times the greater of their regular rate or the applicable minimum wage for all of their overtime worked during the prior three (3) years is believed to exceed 40 individuals.

100. Defendant's failure to pay Plaintiff and other caregivers overtime at one and one-half times the greater of their regular rate or the applicable minimum wage for all of the time they worked in excess of (40) hours per week violated the overtime provisions of the IMWL, 820 ILCS 105/4a.

101. This Count is brought pursuant to Fed. R. Civ. P. 23 because other persons are similarly-situated to Plaintiff and are so numerous that joinder of all overtime class members is impracticable.

102. Plaintiff and other caregivers are equally affected by Defendant's overtime wage violations, and relief is sought for the benefit of the individual Plaintiff and the overtime class that Plaintiff seeks to represent.

103. The issues involved in this Count present common questions of law and fact.

104. Those common questions of law and fact predominate over any variations which may exist between members of the overtime class Plaintiff seeks to represent.

105. Plaintiff and the class of similarly-situated persons on one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely owed overtime wages plus penalties, interest, attorneys' fees, and the cost of this lawsuit.

106. The violations alleged by Plaintiff are the result of Defendant's generally-applicable policies and practices, and the common questions presented will predominate over any individual questions in this action.

107. Plaintiff believes and asserts that she is able to fairly and adequately represent and protect the interests of the class.

108. Plaintiff's counsel is highly-experienced in the prosecution of wage and hour class actions.

109. If individual actions were required to be brought by each of the similarly-situated caregivers injured or affected, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individuals and to the Court, as well as to Defendant.

110. A class action is a superior method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the overtime class is entitled.

111. Pursuant to 820 ILCS 105/12(a), affected employees are entitled to recover unpaid overtime wages for three years prior to the filing of this lawsuit, plus punitive damages in the amount of two percent (2%) per month of the amount of underpayment.

WHEREFORE, Plaintiff and the overtime class pray for judgment against Defendant as follows:

A. A determination that this action may be maintained as a class action under Fed. R. Civ. P. 23;

B. A judgment in the amount of all unpaid overtime wages due as provided by the Illinois Minimum Wage Law;

C. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

D. Reasonable attorneys' fees and costs of this action as provided by the Illinois Minimum Wage Law;

E. An injunction precluding Defendant from further violating the overtime provisions of the Illinois Minimum Wage Law; and

F. Such other and further relief as this Court deems appropriate and just.

Dated: September 22, 2017

Respectfully submitted,

s/Maureen A. Salas
One of the Attorneys for Plaintiff

Douglas M. Werman (dwerman@flsalaw.com)
Maureen A. Salas (msalas@flsalaw.com)
Sarah J. Arendt (sarendt@flsalaw.com)
Steven P. Schneck (sschneck@flsalaw.com)
Werman Salas P.C.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
312/419-1008